FIFTH DISTRICT REPUBLICAN COMMITTEE *v.*
EMPOYMENT SECURITY COMMISSION

1. UNEMPLOYMENT COMPENSATION — EMPLOYMENT SECURITY ACT —
CONSTRUCTION OF STATUTES.

> The Michigan employment security act was enacted in the
> interest of the public welfare and is entitled to a liberal
> interpretation (MCLA § 421.1 *et seq.*).

2. UNEMPLOYMENT COMPENSATION — EMPLOYMENT SECURITY ACT —
CONSTRUCTION OF STATUTES — PUBLIC WELFARE.

> A liberal construction of the employment security act requires
> courts to view with caution any construction of the act which
> would narrow its coverage and deprive persons of their bene-
> fits under it.

3. UNEMPLOYMENT COMPENSATION—EMPLOYMENT UNIT—POLITICAL
PARTIES.

> The clause in the employment security act defining employment
> unit as "any individual or type of organization" is all-inclu-
> sive in its scope, and a political party is embraced within
> that broad definition (MCLA § 421.40).

4. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY ACT—
BENEFITS.

> Persons may not be deprived of benefits under the employment
> security act unless that act expressly excludes them from its
> provisions.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 48 Am Jur, Social Security, Unemployment Insurance, and Re-
tirement Funds § 7.
[3, 5] 48 Am Jur, Social Security, Unemployment Insurance, and Re-
tirement Funds §§ 7, 13, 15.
[4] 48 Am Jur, Social Security, Unemployment Insurance, and Re-
tirement Funds § 34.
[6–8] 48 Am Jur, Social Security, Unemployment Insurance, and Re-
tirement Funds § 31.

5. UNEMPLOYMENT COMPENSATION — EMPLOYING UNIT — POLITICAL PARTIES.

A political party which paid four or more persons to perform services for it in each of 20 different weeks within a calendar year was an employing unit and was not exempt from assessment under the employment security act merely because it was not specifically mentioned in the statutory definition of employing unit (MCLA § 421.40).

6. UNEMPLOYMENT COMPENSATION — POLITICAL PARTIES — STATE AGENCY — CONSTITUTIONAL LAW — EMPLOYMENT SECURITY ACT.

A political party may be a state agent for constitutional purposes but is not necessarily a state agency for exemption from assessment under the employment security act (MCLA § 421.42).

7. UNEMPLOYMENT COMPENSATION—STATE AGENCY—EXEMPTION.

An organization claiming exemption as a governmental instrumentality from the provisions of the employment security act must show the indicia of state agency, *i.e.*, that the legislature created it and that the state exercises a degree of control over it (MCLA § 421.42).

8. UNEMPLOYMENT COMPENSATION — POLITICAL PARTIES — STATE AGENCY — EXEMPTION.

A political party is not exempt from assessment under the employment security act as a state agency where the legislature did not create it and the state exercises no direct control over its affairs or of its employees and does not pay those employees.

Appeal from Kent, Claude Vander Ploeg, J. Submitted Division 3 June 3, 1969, at Grand Rapids. (Docket No. 5,653.) Decided October 2, 1969. Leave to appeal denied January 21, 1970. See 383 Mich 760.

The Michigan Employment Security Commission found that plaintiff, Fifth District Republican Committee, was liable for contributions under the Michigan Employment Security Act. Plaintiff appealed to circuit court. Reversed. Defendant commission appeals. Reversed.

*Dunn, Russell & Dunn,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James H. White,* Assistant Attorney General, for defendant.

Before: J. H. Gillis, P. J., and R. B. Burns and V. J. Brennan, JJ.

J. H. Gillis, P. J.   This is an appeal from a judgment of the Kent county circuit court reversing an administrative determination of liability for contributions under the Michigan Employment Security Act.* The question presented is whether the district committee of a political party is exempt from assessment under the act.

Plaintiff is the legally constituted Republican district committee for the fifth congressional district of this state.   It claims exemption from the taxing provisions of the Michigan employment security act on two grounds.   First, plaintiff contends that it is not an "employing unit" within the meaning of § 40 of the act (MCLA § 421.40 [Stat Ann 1968 Rev § 17.542]).   Second, conceding arguendo that a political party is an "employing unit," plaintiff contends that it is nevertheless exempt as an agent of this state under § 42 subd (7)(a) of the act (CLS 1961, § 421.42 subd (7)(a) [Stat Ann 1965 Cum Supp § 17.545 subd (7)(a)]).

During the calendar year involved, 1965, § 41 subd (1)(b) of the act (CLS 1961, § 421.41 subd (1)(b) [Stat Ann 1963 Cum Supp § 17.543 subd (1)(b)]) defined in pertinent part those employers subject to the act as:

---

* CL 1948, § 421.1 *et seq.* as amended (Stat Ann 1960 Rev and 1969 Cum Supp § 17.501 *et seq.*).

"Any employing unit which in each of 20 different weeks within the calendar year 1956 or within any succeeding calendar year (whether or not such weeks are or were consecutive) has or had in employment 4 or more individuals." (Our emphasis.)

We have underscored only those statutory prerequisites which are here in dispute. It is conceded that during the year involved plaintiff paid four or more individuals to perform services for it.

An "employing unit" is defined as follows:

" 'Employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint stock company, insurance company or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has or subsequent to this amendatory act, had in its employ 1 or more individuals performing services for it within this state."

Plaintiff's initial argument is that the word "including" is a word of limitation and not of enlargement. Because a political party is nowhere specifically mentioned, we are urged to conclude that plaintiff is not an employing unit. We disagree.

In *Godsol* v. *Unemployment Compensation Commission* (1942), 302 Mich 652, it was stated, p 665:

"The purpose of the unemployment compensation act is to relieve the distress of economic insecurity due to unemployment. It was enacted in the interest of public welfare to provide for assistance to the unemployed *and as such is entitled to a liberal interpretation.*" (Emphasis supplied.)

A liberal interpretation requires that we view with caution any construction of the act which would narrow its coverage and deprive persons entitled thereto

of the benefits of the act.  *Copper Range Company* v.
*Unemployment Compensation Commission* (1948),
320 Mich 460.  When the entire act is read and all
its provisions are construed together, it is evident
that the clause "any individual or type of organiza-
tion" in § 40 is all-inclusive in its scope and that
a political party is embraced within that broad
definition.  *Cf. Carter* v. *Division of Water, City of
Youngstown* (1946), 146 Ohio St 203 (65 NE2d 63).

It is to be observed that some types of organiza-
tions, a charity for example, are exempt from con-
tributions under the act.  However, freedom from
assessment is not because of the fact that § 40 fails
specifically to mention a charity as an employing
unit.  The exemption derives from a provision of §
42 subd (7) of the act (CLS 1961, § 421.42 subd (7)
[Stat Ann 1965 Cum Supp § 17.545 subd (7)]) which
specifically exempts from coverage service per-
formed in the employ of a charity.  While § 42 subd
(7) excludes many kinds of labor from coverage,
service in the employ of a political party is not so
excluded.  Adoption of the narrow construction of
"employing unit" urged by plaintiff would, in effect,
result in conferring immunity upon a type of or-
ganization not otherwise exempt.  We refuse to
deprive plaintiff's employees, individuals whose la-
bor is not specifically excluded from coverage under
the act, of the act's protection.  "[C]ourts are with-
out power to deprive those entitled thereto of the
benefits of the act, unless they are expressly preclud-
ed therefrom by its provisions."  *Copper Range* v.
*Unemployment Compensation Commission, supra,*
p 470.

The second disputed prerequisite is that those per-
forming services for plaintiff be "in employment."
By § 42 subd (7)(a) of the act, "employment" does
not include "service performed in the employ of this

state." It is plaintiff's second contention that individuals performing services for it are in the employ of the state of Michigan. The argument rests upon the premise that plaintiff, as a political party, is an agent of this state.

Plaintiff relies upon *Smith* v. *Allwright* (1944), 321 US 649 (64 S Ct 757, 88 L Ed 987). It was there held that, where a state legislature entrusts to a political party the selection of candidates for public office at a primary election, a political party in making those selections is an agency of the state, and, as a state agent, a political party is constitutionally precluded from excluding Negroes from voting in primary elections. The following language is cited:

"We think that this statutory system for the selection of party nominees for inclusion on the general election ballot makes the party which is required to follow these legislative directions *an agency of the State insofar as it determines the participants in a primary election.*" 321 US at 663. (Emphasis supplied.)

We are thus confronted with a syllogism. Its major premise is that state agents by virtue of § 42 subd (7)(a) of the act are exempt from assessment. The declaration in *Smith* v. *Allwright, supra,* that political parties are state agents provides the minor premise. Plaintiff concludes that it is exempt from contributions under the employment security act.

Plaintiff's argument reminds us of the words of Mr. Justice Frankfurter: "The syllogism is perfect. But this is a bit of verbal logic from which the meaning of things has evaporated." *Phelps Dodge Corp.* v. *National Labor Relations Board* (1940), 313 US 177, 191 (61 S Ct 845, 851, 85 L Ed 1271, 1281). In the first place, the definition of a political party as a state agent in *Smith* v. *Allwright, supra,* was for purposes of constitutional

law. Nothing that was said in that case can be regarded as determining the status of a political party for the purpose of assessment under a state employment security act. Plaintiff insists, however, that, if a political party is a state agent for purposes of constitutional law, it is also a state agent for purposes of tax exemption. An analogous claim was considered in *Auditor General* v. *R. B. Smith Memorial Hospital Association* (1940), 293 Mich 36. A hospital sought a tax exemption as a charitable organization. Hospitals had previously been defined by the Michigan Supreme Court as charitable institutions. Again, the syllogism was perfect. However, the Court noted:

"The question of when a hospital is a charitable organization has been presented in *Downes* v. *Harper Hospital* (1894), 101 Mich 555 (25 LRA 602, 45 Am St Rep 427) ; *Pepke* v. *Grace Hospital* (1902), 130 Mich 493; *Bruce* v. *Henry Ford Hospital* (1931), 254 Mich 394. *It must be noted, however, that in those cases the definition of a charitable institution was for the purposes of tort law and is not conclusive in a tax exemption case as tax exemptions are to be construed strictly."* 293 Mich at p 39. (Emphasis supplied.)

This Court itself has had occasion to remark:

"The precise situation before us is that we are concerned with a definition under a Federal act and under a different State act dealing with a different matter." *Standard Automotive Parts Company* v. *Employment Security Commission* (1966), 3 Mich App 561, 571.

In this case, plaintiff's constitutional status is not our concern. We deal with a different matter. *Smith* v. *Allwright, supra,* is not in point.

Although § 42 subd (7)(a) is designed to exempt governmental instrumentalities from assessment

under the employment security act, the tests to be applied in resolving an issue of state agency for purposes of tax exemption are not altogether clear. Several cases, however, have considered the indicia of state agency for purposes of exemption. In *State Bar of Michigan* v. *Lansing* (1960), 361 Mich 185, it was held that property of the State Bar was exempt from taxation. The decision rested upon the ground that the State Bar was for purposes of taxation an agent of the state and therefore exempt under general law. It was noted that the State Bar was specifically *created* by legislative enactment. Other courts have also emphasized creation by legislative enactment of the instrumentality claiming exemption. See *In re Batter* (1939), 257 App Div 546 (14 NYS2d 42); *Pickett* v. *Unemployment Compensation Board of Review* (1955), 177 Pa Super 240 (110 A2d 863).

The degree of control exercised by the state over the organization claiming exemption is also relevant. In resolving the tax status of the Michigan bar, the Court noted:

" ' "[I]ntegrated bars have the common characteristic of being organized by the State or under the direction of the State, *and of being under its direct control,* and in effect they are governmental bodies." ' " *State Bar of Michigan* v. *Lansing, supra,* p 197, quoting *Lathrop* v. *Donohue* (1960), 10 Wis 2d 230 (102 NW2d 404) (quoting 114 ALR 161). (Emphasis supplied.)

In *National Campaign Committee* v. *Rogan* (SD Cal, 1945), 69 F Supp 679, the court construed a provision of the Social Security Act which exempted "service performed in the employ of a state." It was said, p 685:

"Furthermore, the [provision] of the Social Security Act indicates that for the exemption to attach

there must be employment, that is, control by the state in the relation of employer and employee; that is to say, there must be employment before the exemption attaches; but there is clearly no control or direction even in the slightest degree by the State of California or any of its officers, agencies, or functionaries of any kind of the plaintiffs here, and I must conclude on that point against the plaintiffs."

The circuit court below was of the opinion that "the fact that the employees of the Fifth District Republican Committee are paid out of committee funds and not by the state, does not affect the status of the committee as an agency and instrumentality of the state." Likewise, the circuit judge viewed as irrelevant the fact that plaintiff's employees are not subject to civil service. This was error. Together with the indicia of state creation and control, such circumstances are to be considered in resolving an issue of state agency for purposes of exemption under the employment security act. *Cf. State, ex rel. Merion,* v. *Unemployment Compensation Board of Review* (1944), 142 Ohio St 628 (53 NE 2d 818).

We hold as a matter of law that plaintiff is not exempt from assessment under the Michigan employment security act. The Fifth District Republican Committee is not the creation of our state legislature. The state exercises no direct control over its affairs. Although it is true that plaintiff is subject to regulation under this state's election laws, that regulation, without more, does not entitle plaintiff to exemption from contributions under the act. Plaintiff's employees are not subject to the state's control; nor are they paid by the state. All these circumstances combined negate plaintiff's claim.

Finally, it should be reiterated that the legislature did not see fit to exempt service in the employ of a political party from coverage under the act. We reject a construction of "service in the employ of this state" which would grant plaintiff an immunity from assessment. Had the legislature intended that this provision be given the construction contended for on behalf of plaintiff, we have no doubt that specific and unequivocal language would have been used to accomplish that end.

Reversed. No costs, a public question being involved.

All concurred.