521 P.2d 1025

**ASSOCIATION OF IDAHO CITIES,
Plaintiff-Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT,
Defendant-Respondent.**

**No. 11390.**

Supreme Court of Idaho.

April 26, 1974.

Howard I. Manweiler, Boise, for appellant.

W. Anthony Park, Atty. Gen., R. LaVar Marsh, Ray N. Malouf, Dept. of Emp., Asst. .Attys. Gen., Boise, for appellee.

DONALDSON, Justice.

The sole issue presented by this appeal is whether the Association of Idaho Cities is exempt from the Employment Security Law, I.C. §§ 72–1301 to 72–1379. For reasons that will be discussed, we conclude that the association is not exempt and affirm the decision of the Industrial Commission. of the State of Idaho which held the appellant association to be included within and subject to the Employment Security Law.

The Association of Idaho Cities is a nonprofit cooperative association organized to represent Idaho cities before state and federal legislatures and agencies, to gather and disseminate information of interest to the member cities, and to assist the member cities in any way possible. Any city in the state may become a member. The association has no power to levy taxes. Its operating revenues come primarily from dues paid by each member. The dues are levied on each city based on its population at ten cents per capita with a minimum of $25.00 and a maximum of $3,000.00. The money paid by each individual member city appears as an item on that city's budget. Some funds also come from federal grants. The member cities are not liable for the association's debts and obligations.

The association maintains its own offices, conducts its own business, hires its own staff, and secures its own debts and obligations. Its business is conducted by a board of directors, all of whom must be elected officials of member cities. Other organizations having similar interests may affiliate with the association, but they have no voting rights.

The state Industrial Commission ruled that the association is not exempt from the Employment Security Law and the association has appealed. On appeal, the appellant association contends that I.C. § 72–1316(a)(6) exempts it from coverage under the law.

"Covered employment.—(a) The term 'covered employment' means an individual's entire service, including service in interstate commerce, performed by him for wages or under any contract of hire, written or oral, express or implied, except—

(6) Service performed in the employ *of any public institution or instrumentality which acquires its operating funds primarily through direct or indirect taxation, including but not limited to,* counties, municipalities, highway districts, drainage districts, cemetery districts, and school districts; provided, however, that service performed in the employ of irrigation districts

and soil conservation districts shall be considered covered employment;"

■ In order for appellant to be exempt, it must establish that an exemption was intended by the legislature. To claim an exemption under I.C. § 72–1316(a)(6), it must show both that it is a "public institution or instrumentality" and that it "acquires its operating funds primarily through direct or indirect taxation."

Idaho Code § 30–1002 states that cooperative associations, such as appellant, are governed by the laws of the state pertaining to private corporations, so long as those laws are consistent with chapter 10 of Title 30 of the Idaho Code. Corporations are classified as either private or public by I.C. § 30–101(1).

> "Corporations classified—Terms defined.—1. Corporations are either public or private. Public corporations are formed or organized for the government of a portion of the state; all other corporations are private. The word 'corporation' as used in this act shall be held and construed to include all associations and joint stock companies having or exercising any of the powers or privileges of corporations not possessed by individuals or partnerships."

Appellant was not formed or organized for the government of any portion of the state. Rather, by its own admission it was formed to render needed services to its member cities. Therefore, under I.C. § 30–101(1), it is a private corporation. Thus, appellant does not qualify as a public institution.

Neither do we think that the appellant qualifies as a public instrumentality. The association was not created by statute. It has no governing powers. Its services are rendered solely for the benefit of its member cities, not the public in general, and even though the public may indirectly benefit by the activities of the association, it does not perform a public service. Rather, it is a private nonprofit association established to service the members of the association.

■ Because the association is not a public institution or instrumentality, it does not qualify as an exempt organization pursuant to I.C. § 72–1316(a) and it is thus subject to the provisions of the Employment Security Law. The appellant association contends however that to grant municipalities an exemption and not the association is a denial of the equal protection of the law guaranteed by the Fourteenth Amendment to the Constitution of the United States. The appellant claims that it would be a denial of equal protection because there is no real and substantial distinction between municipalities and the association. However, municipalities, as well as all other exempt organizations listed in I.C. § 72–1316(a), were created by statute[1] to perform a public service for the benefit of the public. They are public institutions. The association is not. This is a real and substantial distinction and thus it is not a denial of equal protection to grant an exemption to municipalities and to refuse an exemption to the appellant association.

Because we have determined that the appellant association is not a public institution or instrumentality and therefore cannot qualify for the exemption from the Employment Security Law found in I.C. § 72–1316(a), we deem it unnecessary to determine whether the association acquires its funds through direct or indirect taxation and we reserve that question. The judgment of the Industrial Commission that the Association of Idaho Cities is not exempt from the Employment Security Law is affirmed. Costs to respondent.

SHEPARD, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.

1. Municipalities, I.C. § 40–301; counties, I.C. § 31–601; highway districts, I.C. §§ 40–1601, 40–1608; drainage districts, I.C. §§ 42–2960, 42–2964; cemetery districts, I.C. § 27–115; school districts, I.C. § 33–301.