WRIGHT, Presiding Judge.
The Alabama Department of Industrial Relations (Department) assessed unemployment compensation taxes against the Coosa Valley Regional Juvenile Center, Inc. (Center) beginning with the second quarter of 1974 and for each succeeding quarter and year thereafter through the fourth quarter of 1976. The Center appealed the assessment to the Circuit Court of Calhoun County. After hearing, judgment was entered in favor of the Center. The Department appeals.
The issue presented is whether the Coosa Valley Regional Center, Inc., though incorporated as a private non-profit corporation is, in fact, a government instrumentality and thus exempt from assessment for unemployment compensation taxes under Title 25, Chap. 4, Code of Alabama (1975).
The Center was organized and filed for record in Calhoun County as a non-profit corporation under the provisions of Title 10, Chap. 10, Code of Alabama (1940) now Title 10, Chap. 3, Code of Alabama (1975). The specific purpose of the corporation was stated in its charter to be:
(a) To take custody of and detain juveniles pursuant to Title 13, § 361, Code of Alabama (1940) and other provisions of Alabama law authorizing the detention of Juveniles at the direction of the Juvenile Courts or Courts of similar jurisdiction of the following counties of the State of Alabama: Calhoun, Clay, Cherokee, Eto-wah, Randolph, St. Clair, Talladega and such other counties as the Board of Trustees may from time to time designate.”
The charter provided for twenty trustees appointed by the juvenile judge and the governing body of each participating county. The trustees, citizens or officials of their respective counties, were listed in the certificate of incorporation. Title to the property and facilities of the Center is in Calhoun County. Because the property was formerly owned by the federal government, it contained a reverter clause in the event it ceased being used by the county. For a time before the incorporation, the facility was operated by the Calhoun County Commission as a county institution.
The record does not disclose terms of agreements or contracts between the Center and the participating counties. It does show that the counties contributed their public funds to the operation of the Center according to a ratio of participation. It may be presumed such participation was under authority of § 11-1-10, Code of Alabama (1975), which authorizes compacts or agreements between counties.
It is without question that the legal necessity for and the creation of child detention Centers licensed by the Department of Youth Services was authorized by Act No. 816, Acts of Alabama 1973, now Title 44, Chap. 1, Code of Alabama (1975). Such centers were made the responsibility of a county or several cooperating counties subject to minimum standards set by the Department of Youth Services. That department was empowered to act together with the counties and grant funds to them to provide and maintain detention facilities.
The Department relies upon many authorities from other jurisdictions[1] and the Alabama case of Moore v. Andalusia Hospital, Inc., 284 Ala. 259, 224 So.2d 617 (1969) as authority for its contention that a nonprofit private corporation organized under Title 10, Chap. 10, Code of Alabama (1940), even though operated solely for the benefit of the public, is a private institution and not a government instrumentality. Those cases upon their own facts are not in conflict with the judgment of the trial court except *1147 in the strictest, most technical sense. The court in Moore denied government instrumentality status to the Andalusia Hospital because, “It is not controlled or owned by the State, nor supported by public funds.” Cases cited from other jurisdictions emphasize absence of employer-employee relationship with the state or its agencies and the lack of legislative creation. In the case of Unemployment Compensation Commission of North Carolina v. Wachovia Bank and Trust Co., 215 N.C. 491, 2 S.E.2d 592, 595, 596 (1939), important factors to be considered in determining whether an agency is an “instrumentality of government” immune from taxation are whether it was created by government, is wholly owned thereby, is not operated for profit, and is primarily engaged in performing essential governmental function.
If we look beyond the method of organization of the Coosa Valley Regional Juvenile Center, Inc., we find: One: The Department concedes that the Center was organized for and performs a governmental function or purpose, that is, one which has as its objective the promotion of the public health, safety, morals, security and general welfare of the inhabitants of a given political division. Two: The establishment of detention centers and the duty of the counties to provide them under the licensing authority of the Department of Youth Services is mandated by act of the legislature. Title 44, Chap. 1, Code of Alabama (1975). Three: The counties named in the charter are the only participants and their inhabitant children are those served by the Center. Four: Admission of children to the Center is only by order of the courts of the participating counties. Five: The trustees of the Center are appointed by the juvenile judge and governing body of the participating counties and represent their interests and viewpoints. Six: The Center may only operate under minimum standards, regulations and license of the state. Seven: The Center is totally supported by government funds. Eight: The property used and occupied by the Center is government owned. Nine: At the time of its incorporation there was no provision in Alabama law for the creation of a public corporation except by act of the legislature. It is shown by the record that the Center is now incorporated as a public corporation under Act 620, Acts of Alabama 1978, effective May 1, 1978. Title 44, Chap. 3, Code of Alabama (1975). That act specifically empowers counties and municipalities to form non-profit “public” corporations as successor to those then operating child detention facilities. The operation of the new public corporation and the appointment of its trustees is for all purposes the same as was that now before us. The act merely placed legislative approval upon what was already done by the counties as in this case.
We find the trial court correct in looking through the form of a so-called private corporation to what was in substance the joint instrument of the cooperating governmental entities, the counties named in the certificate. It is clear, that the Center was their joint instrument for fulfilling their statutory governmental duty.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. Buckstaff Bath House Co. v. McKinley, 308 U.S. 358, 60 S.Ct. 279, 84 L.Ed. 322, aff’g, Buckstaff Bath House Co. v. McKinley, 198 Ark. 91, 127 S.W.2d 802 (1939); Fifth Dist. Republican Com. v. Mich. Emp. Sec. Comm’n, 19 Mich.App. 449, 172 N.W.2d 825, cert. denied, 400 U.S. 866, 91 S.Ct. 104, 27 L.Ed.2d 105 (1969); Association of Idaho Cities v. Department of Employment, 95 Idaho 846, 521 P.2d 1025 (1974); Rev.Rul. 65-26, I.R.B. 1965-66, 47.