Donald J. Murdoch, M.D., appeals from a summary judgment entered in favor of Knollwood Park Hospital in a case stemming out of his termination from Knollwood Park Hospital.
The undisputed facts of this case are as follows: Dr. Murdoch, a licensed physician, was appointed to the Associate Medical Staff, Department of Medicine, by the board of trustees of Knollwood Park Hospital, on October 6, 1982. In early 1983, the hospital formed the Department of Family Practice/General Practice and assigned Dr. Murdoch to that department.
On June 24, 1983, the Family Practice/General Practice Committee held its regularly scheduled meeting to evaluate the progress of the department. Because of requests from the hospital's Nursing Service Department and Administration Department, the committee conducted a review of 10 patient charts of patients that had been admitted to Knollwood Park Hospital by Dr. Murdoch. After reviewing the charts, the committee determined that the chairman of the department, Dr. Frank Hall, should meet with Dr. Murdoch and discuss the care rendered in each of the 10 cases reviewed.
On June 29, 1983, a meeting was held with Dr. Hall, Dr. Murdoch, and Harvey Fishero, the hospital administrator. The following four incidents were discussed at the meeting: 1) two incidents in which Dr. Murdoch failed to properly facilitate the transfer of the care of a patient from himself to another physician; 2) an incident concerning a patient classified as "no code" by Dr. Murdoch; 3) several incidents of pediatric patients being admitted to the hospital when, in fact, Dr. Murdoch had no "pediatric privileges"; and 4) numerous unsuccessful attempts by the nursing staff to contact Dr. Murdoch at the telephone numbers provided by him in the event of an emergency. As a follow-up to the June 29 meeting, a letter dated July 7, 1983, listing these incidents as having been discussed at the meeting, was sent to Dr. Murdoch.
On August 31, 1983, the hospital mailed an application for reappointment to Dr. Murdoch and requested that he designate the staff category to which he was seeking appointment. Dr. Murdoch responded on September 11, 1983, designating "Active Medical Staff."
On November 2, 1983, the Family Practice/General Practice Committee held a regularly scheduled meeting; at that meeting, it reviewed Dr. Murdoch's application for reappointment. After a discussion on the matter, the committee determined that it would recommend to the Quality Assurance Committee that Dr. Murdoch not be *Page 875 
reappointed, for reasons of "general attitude towards patients, the hospital, the public; cooperation with hospital personnel; ethics and conduct; and professional competence and clinical judgment."
On November 28, 1983, the Quality Assurance Committee also reviewed Dr. Murdoch's application for reappointment and determined that certain aspects of Dr. Murdoch's practice of medicine did not meet the standard of care required of physicians at Knollwood Park Hospital. However, this committee made the following recommendation to the Medical Executive Committee:
 "That Dr. Murdoch be reappointed to the Associate Medical Staff on a provisional basis not to exceed 12 months, with the following restrictions on his hospital privileges:
 "1. Consultation be required of all patients admitted to the hospital.
 "2. Letters of evaluation to be obtained from all consulted physicians at the end of the provisional appointed period.
 "3. The Family Practice/General Practice Committee review all patient charts of Dr. Murdoch upon the patient's discharge."
On December 19, 1983, the Medical Executive Committee accepted that recommendation and notified Dr. Murdoch of its decision in a letter dated December 20, 1983. In that letter, Dr. Murdoch was informed of his right to request a hearing before the Medical Executive Committee. On January 3, 1984, Dr. Murdoch requested a hearing. After several postponements, the hearing was scheduled for February 9, 1984.
The February 9 hearing was attended by Dr. Murdoch, his legal counsel, seven physician members of the committee, Fishero, and legal counsel for Knollwood Park Hospital. The hearing consisted of an in-depth examination of the four previously discussed incidents involving Dr. Murdoch. The committee presented Dr. Murdoch with several hypothetical clinical situations and quizzed him on the appropriate treatment in each situation. After a lengthy discussion, the committee then adjourned, agreeing to allow the record to remain open until 9:00 a.m., February 17, 1984, to enable Dr. Murdoch to introduce any additional documentation to support his position.
On February 17, the Medical Executive Committee met to formulate a final recommendation to the board of trustees on the reappointment of Dr. Murdoch. After an examination of all the evidence, the board unanimously voted to recommend the following:
 "It is recommended that Dr. Murdoch's application for reappointment be denied based on his standard of patient care practice being less than the aims of the medical staff during his year on the Associate Medical Staff and due to the findings of the February 9, 1984, fair hearing."
On March 9, 1984, the board of trustees informed Dr. Murdoch that it had accepted the recommendation of the Medical Executive Committee and that his membership on the medical staff of Knollwood Park Hospital was terminated effective March 9, 1984.
Nearly six years later, on March 6, 1990, Dr. Murdoch sued Knollwood Park Hospital and numerous fictitiously named defendants, alleging breach of contract, deprivation of procedural due process, and deprivation of substantive due process. On October 2, 1990, the trial court granted the hospital's motion for summary judgment as to both of Dr. Murdoch's due process claims, but denied summary judgment as to Dr. Murdoch's breach of contract claim. On that same day, the hospital filed a motion for reconsideration of the denial of its motion as to Murdoch's breach of contract claim. On November 30, 1990, the trial court granted the hospital's motion for reconsideration and entered a summary judgment in favor of Knollwood Park Hospital on Dr. Murdoch's breach of contract claim. Dr. Murdoch appeals from both the October 2 judgment and the November 30 judgment.[1]
Initially, we point out that a summary judgment is appropriate where there *Page 876 
is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to provide "substantial evidence" in support of his position. Ala. Code 1975, § 12-21-12; Rule 56, A.R.Civ.P.; Hanners v. Balfour Guthrie, Inc., 564 So.2d 412
(Ala. 1990); Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794 (Ala. 1989). The trial court is required to view all of the evidence offered by the moving party in support of its motion in the light most favorable to the nonmovant. Hanners, supra, and Bass, supra. In addition, our review is governed by a previous case, Moore v. Andalusia Hospital, Inc., 284 Ala. 259, 224 So.2d 617 (1969), in which we held that appointment of members to the medical staff of a private hospital is an action solely within the discretion of the hospital's governing board and that a board's refusal to appoint a particular physician to a medical staff is not a proper subject for judicial review. With these standards in mind, we now address the merits of Dr. Murdoch's claims.
Dr. Murdoch contends that the Knollwood Park Hospital Medical Executive Committee terminated his hospital privileges without complying with the procedures set forth in the hospital by-laws and that its doing so caused the hospital to breach its employment contract with him. Dr. Murdoch's claim is predicated on the theory that a contract existed between him and the hospital. He asserts that "the by-laws are binding on all of the parties involved [in this case] and that any breach of the by-laws gives [rise] to a cause of action [in contract]." However, Dr. Murdoch fails to state what by-laws he says have been violated or what breach has occurred. He asserts that he was denied procedural and substantive due process, but fails to designate just what incident constitutes such a constitutional violation.
Dr. Murdoch's claimed due process right is a right found under the Fourteenth Amendment to the United States Constitution. However, "[t]he Fourteenth Amendment does not apply to private parties unless those parties are engaged in activities deemed to be 'state action.' " Langston v. ACT,890 F.2d 380, 384 (11th Cir. 1989). Knollwood Park Hospital is, undisputedly, a private institution. Nonetheless, we have reviewed the by-laws of Knollwood Park Hospital as they apply to the facts of this case, and we conclude that Dr. Murdoch was provided a fair and adequate process in that he was afforded a hearing, he was represented by legal counsel, he had ample opportunity to prepare for the hearing, he was promptly given notice prior to the hearing, and each committee timely notified Dr. Murdoch as to the results of its meetings. From our review of the record, we find it clear that Knollwood Park Hospital took every measure possible under the hospital by-laws to ensure that Dr. Murdoch received a fair hearing. Dr. Murdoch has failed to provide substantial evidence to support his claim of misconduct by the hospital's management.
In addition, we are not convinced that the hospital by-laws created a binding contract between Dr. Murdoch and Knollwood Park Hospital. However, we do not address that issue, because of Dr. Murdoch's failure to produce a meritorious claim regarding the hospital's alleged noncompliance with its by-laws. We acknowledge the conflicts involving the statute of limitations, property rights, and contract rights related to the contract issue, but the resolution of that issue would not cause us to depart from our present holding.
Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] Because the trial court's October 2 order disposed of fewer than all claims and failed to include the language necessary to render the judgment final, that order was not final until the trial court issued its November 30 order of judgment disposing of all claims. See Rule 54(b), A.R.Civ.P. *Page 877