THIGPEN, Judge.
This is a contract case.
The record reveals that Bobby D. and Glenda Hembree sold certain property to William D. Permenter for the purchase price of $21,750. As part of the purchase price, the Hembrees agreed to accept a promissory note in the amount of $2,685.16, together with interest in a stated amount, payable in 24 equal monthly installments secured by a purchase money second mortgage on the premises. H.M. Nowlin, an attorney, was retained by Permenter to close the sale.
Nowlin claims that he failed to list the second mortgage loan as a deduction from the proceeds due the seller, and in effect, overpaid the Hembrees at closing in 1989. In August 1991, Nowlin filed a complaint in the district court against Bobby Hembree, claiming that Nowlin had paid Hembree the sum of $2635.16 by mistake, and requesting judgment in that amount. Hembree answered, asserting the affirmative defense of the statute of limitations.
Following an adverse ruling, Hembree appealed to the circuit court. Thereafter, Now-lin filed a motion for summary judgment, together with his sworn affidavit describing the transaction and how the error occurred, and documentation, including copies of the promissory note, the mortgage, and a settlement statement from the United States Department of Housing and Urban Development (HUD-1). Hembree responded with his own affidavit, contending, inter alia, that he never had a contract with Nowlin; that Nowlin’s affidavit did not expressly state that it was based upon personal knowledge; that in view of the fact that Hembree’s wife was a party to the transaction, only one-half of the money claimed could have been paid by mistake to him; and that the statute of limitations on the claim had expired. Thereafter, the trial court granted Nowlin’s motion for summary judgment and it entered a judgment in favor of Nowlin and against Hem-bree in the amount claimed, together with interest. Hence, this appeal.
A trial court’s ruling on a motion for summary judgment is a non-discretionary ruling, and no presumption of correctness attaches to that ruling; accordingly, our review of the evidence properly contained in the record is de novo. Stone v. Southland National Insurance Carp., 589 So.2d 1289 (Ala.1991). “The standard of review applicable to a motion for summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law.” Olympia Produce Co. v. Associates Financial Services of Alabama, Inc., 584 So.2d 477, 480 (Ala.1991).
In his affidavit in support of his motion for summary judgment, Nowlin asserts that he, by mistake, failed to list the $2,635.16 note on the seller’s side of the HUD-1 and that he failed to deduct same from the proceeds due the sellers at closing. Additionally, he alleges that the purchaser paid the amount of the note in full, in accordance with its terms, thus resulting in an overpayment which the Hembrees have refused to refund.
Hembree’s affidavit in opposition to the motion does not deny receipt of the funds or that a mistake was made. Further, it does not deny that Permenter paid the promissory note in accordance with its terms, which debt would have been paid in full. Hembree does allege, however, that if a mistake was made, he is only liable for one-half of the amount since his wife, who is shown as a joint payee of the proceeds, was not made a party to the transaction. From the record, it is clear that in advancing his opposition, Hembree presented no evidence that his wife received any of the proceeds; that he had no contract with Nowlin; and that an unspecified statute of limitations effectively barred the claim.
We have held that the party moving for summary judgment bears the burden *752 of proof. Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990). Once, however, a moving party has made a prima facie showing that there is no genuine issue of material fact, the burden shifts to the non-movant to provide substantial evidence in support of its contention. Murdoch v. Knollwood Park Hospital, 585 So.2d 873 (Ala.1991). In determining whether substantial evidence exists, we are to review the record in the light most favorable to the non-movant and resolve all reasonable doubts against the movant. Specialty Container Manufacturing, Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990). Moreover, “once a motion for summary judgment has been made and supported as required by Rule 56, Alabama Rules of Civil Procedure, the motion is to be granted unless the adverse party makes an evidentiary or factual showing that there is a genuine issue of fact for trial.” Mitchell v. Mitchell, 453 So.2d 1042, 1043 (Ala.Civ.App.1984). Nowlin met his burden of proof by presenting his affidavit with related documentation pertaining to the mistake made in closing the transaction. Hembree does not deny receiving the proceeds, nor does he present any evidence negating the mistake or reflecting that he was otherwise entitled to receive the funds.
We, therefore, find that there was no genuine issue of material fact, that the moving party was entitled to the judgment as a matter of law, and that the grant of summary judgment was proper.
Based upon the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.