I concur in that portion of the main opinion affirming the judgment of the Court of Civil Appeals insofar as it relates to the plaintiffs' claims alleging bad-faith failure to pay an insurance claim, the tort of outrage, and conspiracy. I must dissent from that portion reversing as to the breach-of-contract, misrepresentation, and suppression claims. The main opinion states that "the record contains substantial evidence indicating that Allstate had not mailed or delivered the endorsement." ___ So.2d at ___.
Once a defendant moving for a summary judgment makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden then shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Murdoch v. Knollwood Park Hospital, 585 So.2d 873, 876 (Ala. 1991).
The main opinion concludes that the nonmovant, Patricia Clarke, met her burden by submitting a copy of the policy without the endorsement, the existence of which is a critical fact. She merely submitted a copy of the underlying policy without the endorsement or the declarations page and filed an affidavit stating that what she had submitted was a "true and correct copy of our Allstate insurance policy." Clearly, that is not substantial evidence creating an issue of fact, in view of the evidence presented by Allstate. Allstate provided an affidavit and a copy of the policy in question which, together, made a prima facie showing that the endorsement allowing Allstate to require an examination under oath had been made a part of the insurance contract in question. Mrs. Clarke presented no evidence, only her mere assertion, to indicate that the endorsement relied on by Allstate was in fact not part of the Clarkes' insurance contract. She certainly presented no evidence to indicate that Allstate had failed to notify her and her husband of the endorsement that would allow Allstate to require the insureds' testimony under oath. Black v. Reynolds, 528 So.2d 848, 849 (Ala. 1988) (stating that "[e]vidence offered in response to [a motion for summary judgment] . . . must be more than a mere verification of the allegations contained in the pleadings"). In my opinion, Mrs. Clarke failed to meet her burden of presenting substantial evidence.
Because Mrs. Clarke offered no substantial evidence indicating that the Clarkes' Allstate policy did not include the endorsement allowing Allstate to require an examination under oath, the Court of Civil Appeals properly affirmed Allstate's summary judgment as it related to the breach-of-contract, misrepresentation, and suppression claims.
Hooper, C.J., and See, J., concurs.