506 A.2d 408

**Dr. Steven ROSENBERG, Appellant,**

**v.**

**HOLY REDEEMER HOSPITAL and Dr. John A. Jakabcin.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1985.

Filed March 11, 1986.

400

H. David Kraut, Lansdale, for appellant.

Michael C. Hemsley, Philadelphia, for Holy Redeemer, appellee.

Stephen C. Baker, Philadelphia, for Jakabcin, appellee.

Before ROWLEY, DEL SOLE and BECK, JJ.

BECK, Judge:

Dr. Steven Rosenberg appeals the summary judgment granted in favor of defendant Holy Redeemer Hospital. In the original equity action filed by Dr. Rosenberg he sought injunctive relief from the hospital's denial of his application for staff privileges.

Our scope of review in this matter is limited to abuse of discretion of the trial court. After examining the ample record and Judge Brody's excellent opinion, we affirm. Before discussing the substance of the case, however, we must first determine whether this appeal is properly before the Superior Court.

Title 42 Pa.C.S.A. 762 states in relevant part:

(a) **General rule.**—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

                *     *     *     *     *     *

(5) Certain private corporation matters.—(i) All actions or proceedings relating to corporations not-for-profit arising under Title 15 (relating to corporations and unincorporated associations) ...

(ii) All actions or proceedings otherwise involving the corporate affairs of any corporation not-for-profit subject to Title 15 or the affairs of the members, security holders, directors, officers, or employees or agents thereof, as such.

Holy Redeemer Hospital is a private corporation not-for-profit. Therefore, a controversy to which it is a party could properly have been appealed to the Commonwealth Court or could be transferred thereto by the Superior Court. *See* 42 Pa.C.S.A. 705; *Karpe v. Borough of Stroudsburg*, 315 Pa.Super. 185, 461 A.2d 859 (1983).

■ We note, however, that neither party has objected to the appeal before this court. We are therefore invested with jurisdiction to decide the matter by virtue of 42 Pa.C. S.A. 704.

§ 704. Waiver of objections to jurisdiction

(a) **General rule.**—The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this title, or of any general rule adopted pursuant to section 503 (relating to reassignment of matters), vesting jurisdiction of such appeal in another appellate court.

Having decided the jurisdictional question, we turn to the substance of the case. We find that appellant's arguments have been thoroughly discussed in the well reasoned opinion authored by Judge Anita Brody. We therefore adopt as our own that portion of Judge Brody's opinion which follows.

"HISTORY OF THE CASE

"On September 9, 1980, Dr. Rosenberg applied for appointment to the active medical staff of defendant Holy Redeemer Hospital ('Hospital'). On January 31, 1981, the Hospital's Board of Directors notified Dr. Rosenberg of its decision to deny his application. Dr. Rosenberg then requested an appeal of that decision. The Hospital's Medical Staff *Ad Hoc* Appellate Committee then held hearings on April 9, April 29 and June 4 of 1981, subsequently denying the doctor's appeal on July 30, 1981. Dr. Rosenberg next appealed to the Appeal Review Committee of the Hospital's Board of Directors, which, after a hearing, upheld the denial of his application.

"Thereafter, Dr. Rosenberg filed suit against Holy Redeemer Hospital and Dr. John A. Jakabcin, seeking injunctive relief as well as compensatory damages. The suit against Dr. Jakabcin was severed by the Court for disposition, and is not involved in the instant appeal.

"Initially, the Hospital filed Preliminary Objections to the Complaint, which were denied. Dr. Rosenberg then filed a Motion for Summary Judgment relating to the procedures followed by the Hospital in considering Dr. Rosenberg's application, and on this motion Dr. Rosenberg prevailed. By order of January 30, 1984 the Court remanded the case to the Appellate Review Committee of the Hospital, insisting that they afford Dr. Rosenberg a *de novo* hearing in accordance with specific procedures.[1]

"On March 22, 1984, the Hospital's Appellate Review Committee conducted a hearing at which, in accordance with the Court's order, Dr. Rosenberg was present, was accompanied by his attorney, and presented testimony and witnesses on his behalf. This hearing was transcribed by a certified court reporter. On April 3, 1984, the Appellate Review Committee recommended to the Hospital's Board of Directors that the denial of Dr. Rosenberg's application be affirmed. This recommendation was adopted by the Board on April 4, 1984, and notice thereof was sent to the doctor on April 5, 1984, stating that the basis for his application's denial was the Hospital's moratorium on new appointments.

"Subsequently, Dr. Rosenberg filed a Motion to Lift the Stay or in the alternative Reconsider the Stay of Proceedings against Holy Redeemer Hospital, and a Petition for Contempt and for Supplemental Injunctive Relief; the Hospital filed a Motion for Summary Judgment. These motions were consolidated for hearing on October 1, 1984.

"On November 1, 1984, this Court issued an order granting the defendant Hospital's Motion for Summary Judgment; on November 28, 1984, orders dismissing both plaintiff's Motion to Lift or Reconsider the Stay, and Petition for Contempt or Supplemental Injunctive Relief were entered. It is from these orders that Dr. Rosenberg appeals.

1. This order, premised on the requirements set forth in the Commonwealth's hospital licensure regulations, 28 Pa.Code § 107.5, effective at that time, and the private remedy implicit in those regulations, is not being appealed.

## "DISCUSSION

### "A. *MOTION OF DEFENDANT FOR SUMMARY JUDGMENT*

A motion for summary judgment should be granted only where the record shows that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. As stated by the Superior Court:

'The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. In determining whether the moving party has met this burden, the court must examine the record in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Summary judgment should be granted only in the clearest case, where the right is clear and free from doubt.'

*Pennsylvania Gas & Water Co. v. Nenna & Frain, Inc.*, 320 Pa.Super. 291, 467 A.2d 330 (1983), citing *Thompson Coal Company v. Pike Coal Company*, 488 Pa. 198, 412 A.2d 466 (1979).

"In the instant case, the record clearly shows that Holy Redeemer Hospital is entitled to summary judgment. The Hospital has complied with the necessary procedural requirements in making its decision concerning Dr. Rosenberg's application, and this Court has determined that as a matter of law it is without authority to review the substance of that decision.

"Dr. Rosenberg complains on appeal that the court erred in determining that the actions of Holy Redeemer Hospital are not subject to judicial review on a substantive level. Dr. Rosenberg first alleges that such review is permissible in the instant case due to the quasi-public nature of the Hospital.

"Presumably, Dr. Rosenberg is claiming this quasi-public status for the Hospital in order to subject the Hospital's decision to due process scrutiny. Dr. Rosenberg does not allege that the Hospital's decision amounts to state action; indeed, the parties have stipulated that Holy Redeemer Hospital is *not* a public hospital and that the state has not commanded or directed the Hospital to deny Dr. Rosenberg's application. Thus, the direct state action which would trigger constitutional review is not present in this case.

"Although it is clear that the due process clause 'applies only to 'state action' and not to private conduct . . .', *Adler v. Montefiore Hospital Association of Western Pennsylvania,* 453 Pa. 60, 68–69, 311 A.2d 634, 639 (1973), it has also been held that 'private hospitals with certain public characteristics, so called 'quasi-public' hospitals, are deemed to be engaged in state action,' *Miller v. Indiana Hospital,* 277 Pa.Super. 370, 378, 419 A.2d 1191, 1194 (1980). Thus, if Holy Redeemer Hospital is a 'quasi-public' hospital, its decision here is subject to scrutiny pursuant to the due process clause.

"The test for assessing whether a hospital is to be considered quasi-public is whether that hospital receives tax benefits, is funded mainly from public sources, and holds a monopoly in the area which it serves. *Id.,* 277 Pa.Super. at 379, 419 A.2d at 1194. We note that the *Miller* Court pointed to dicta in *Adler v. Montefiore Hospital,* 453 Pa. at 60, 311 A.2d 634 (1973), whereby the Pennsylvania Supreme Court indicated that a hospital which received Hill-Burton construction funds from the federal government might also be considered quasi-public. The Superior Court in *Miller* declined to apply this dicta, noting that although the Supreme Court in *Adler* had relied on a series of cases from the Fourth Circuit Court of Appeals, the Third Circuit Court of Appeals and the majority of circuits have held that the receipt of Hill-Burton funds by a hospital does not make its action state action, citing *Hodge v. Paoli Memorial Hospital,* 576 F.2d 563 (3rd Cir.1978).

"Since the Superior Court's decision in *Miller,* the Fourth Circuit Court of Appeals, on which our Supreme Court relied in *Adler,* has reevaluated this issue and has concluded that state action is not created by a hospital's receipt of Hill-Burton funds. *Modaber v. Culpeper Memorial Hospital, Inc.,* 674 F.2d 1023 (4th Cir.1982). In view of this, and in light of the weight of authority supporting this view, we will follow the *Miller* decision and have applied only the three part test stated above.

"That Holy Redeemer Hospital does not qualify as a quasi-public institution pursuant to the test as stated in *Miller,* 277 Pa.Super. at 378–79, 419 A.2d at 1190–91, is clear from the content of the aforementioned stipulation executed by the parties. The stipulation expressly states in part that Holy Redeemer Hospital is not a monopoly in the area that it serves, thereby refuting one of the necessary elements of the analysis required by *Miller, id.,* prior to a conclusion that a hospital is a quasi-public institution. Holy Redeemer Hospital is not, by plaintiff's own admission, a monopoly in the area that it serves; the Hospital is therefore not subject to judicial review as a quasi-public institution. Since the test for quasi-publicness has not been met, we, as did the Superior Court in *Miller,* 'decline to judge appellant's claims of unfairness against the due process clause ...' 277 Pa.Super. at 379, 419 A.2d 1195.

"Dr. Rosenberg next complains that the action of the Hospital is subject to further review pursuant to the regulations of the Pennsylvania Department of Health, 28 Pa. Code § 107.1 et seq. The regulations effective at that time required in part that the bylaws of a hospital provide for 'fair hearing and appellate review mechanisms, which will be available if requested by the practitioner, in connection with medical staff recommendations for denial of staff appointments ...', 28 Pa.Code § 107.12(4)[2]. Accordingly, the Hospital's denial of Dr. Rosenberg's application is re-

**2.** See also 28 Pa.Code § 107.5, relating to the procedure to be followed by medical institutions in appointing or refusing to appoint members to the medical staff.

viewable as to whether the Hospital afforded the doctor 'fair hearing and appellate review mechanisms', and it is this issue to which the Court's order of January 30, 1984 is addressed. However, these regulations are procedural in nature, and nowhere provide for judicial review of the substance of a decision made pursuant to such fair hearing and review mechanisms. Dr. Rosenberg's contention that the regulations provide for substantive review of the Hospital's decision is unsupported.

"It should be noted additionally that there is no precedent in Pennsylvania case law for the substantive review of a private hospital's hiring decisions. While several states have held that hospitals have a fiduciary duty to the public which permits some degree of judicial review of those institutions' decisions, *see Silver v. Castle,* 53 Haw. 475, 497 P.2d 564, *cert. denied,* 409 U.S. 1048, 93 S.Ct. 517, 34 L.Ed.2d 500 (1972), the majority of jurisdictions hold that staffing decisions are within the hospital's discretion and are not subject to judicial review. *Schiffman v. Manhattan Eye Ear & Throat Hospital,* 35 App.Div.2d 709, 314 N.Y.S.2d 823 (1970); *Moore v. Andalusia Hospital Inc.,* 284 Ala. 259, 224 So.2d 617 (1969); *Cowan v. Gibson,* 392 S.W.2d 307 (Mo.1965).

"The view that private hospital's hiring decisions should not be subject to judicial review remains sound. The administrative officers of a private institution are presumed to operate in the best interest of that institution. A court should be loathe to substitute its judgment on a matter as intrinsic to the hospital as is a staffing decision. Absent some legislative command to the contrary, the courts of this Commonwealth will not interfere with the substantive decisions of private hospitals, but will only ensure that such decisions are made pursuant to the proper procedures.

"This Court, then, finds that as a matter of law it is without the authority to review the decision of Holy Redeemer Hospital to deny Dr. Rosenberg's application on a substantive level.

"It is in view of this legal conclusion that defendant's Motion for Summary Judgment was considered. The record viewed in a light most favorable to Dr. Rosenberg supports the Court's conclusions that the Hospital had complied with the necessary procedural framework, that the Hospital was not a quasi-public institution, and that the actions of a private hospital are not reviewable on a substantive level pursuant to plaintiff's complaint. The Court found no dispute as to any fact material to these conclusions. Discovery on the Hospital's motion was therefore unnecessary, and Dr. Rosenberg's contention that it was error not to permit such discovery is meritless. The right of Holy Redeemer Hospital to summary judgment in this case was indeed "clear and free from doubt." *Pennsylvania Gas & Water Co. v. Nenna & Frain*, 320 Pa.Super. 298, 467 A.2d at 333.

"Since we have not reviewed the Hospital's decision on a substantive level, several other allegations made by Dr. Rosenberg on appeal must also fail. For example, Dr. Rosenberg claims that it was error for the Court not to find that Holy Redeemer Hospital abused its discretion and acted arbitrarily and capriciously in applying its staff admissions policy. This contention is meritless, since we did not reach the issue of review of the Hospital's decision under an abuse of discretion standard, or in terms of its arbitrariness or capriciousness, but examined only the procedural background of that decision in view of the Department of Health regulations.

"Likewise, Dr. Rosenberg's contention that the Court credited the unsupported affidavit of the Hospital's Executive Director and unsupported representations of counsel that the Hospital was overcrowded is without basis. That the Hospital may or may not have been overcrowded played no part in this Court's determination that summary judgment in favor of the Hospital was appropriate."

Doctor Rosenberg's response to Judge Brody's opinion is that she has answered correctly a question not asked. He asserts that the judge determined that the hospital is nei-

ther public nor quasi-public. He asserts that his argument concedes those points and profers instead that the hospital is a public fiduciary. Thus, he claims, the hospital's internal staffing decisions are reviewable even in the absence of state action. To this end he urges us to follow *Greisman v. Newcomb Hospital,* 40 N.J. 389, 192 A.2d 817 (1963) and its progeny.

█ In *Greisman* and under Judge Brody's analysis, judicial review is permissable only where the hospital exercises a monopoly position in a particular geographical area. It is the monopolistic characteristic, among other things, that may create a common-law fiduciary duty on the part of a hospital to the public. In *Greisman* the court concluded that the Newcomb Hospital exercised a monopoly. Judge Brody concluded that the Holy Redeemer Hospital did not. Although Judge Brody's opinion is framed in language of a quasi-public hospital, she has adequately responded to the appellant's argument relating to the public fiduciary nature of the hospital. She correctly concludes that in the absence of a monopoly position, among other things, the hospital's internal procedures are not generally reviewable. *See* Note, *Judicial Review of Private Hospital Activities,* 75 Mich.L.Rev. 445, 450 n. 31 and text (1976).

Since the Holy Redeemer Hospital did not possess one of the primary qualities of a public fiduciary, the monopolistic characteristic, it would have been useless for her to indulge in an analysis of whether the Holy Redeemer Hospital was a public fiduciary. To date no appellate case in Pennsylvania has directly addressed the question of whether a hospital owes a duty to the public as a fiduciary.

In a related appeal Dr. Rosenberg alleges that the trial court erred in denying his Motion for Contempt and/or Supplemental Injunctive Relief and his motion to Lift the Stay of Discovery (supplementary motions). Appellee hospital counters that the trial court lacked jurisdiction to act on the supplementary motions and thus the appeal of those orders must be dismissed.

We address the question whether the trial judge had jurisdiction to act on these supplementary motions after appellant filed his notice of appeal. Pa.R.A.P. 1701(a) provides in pertinent part:

(a) **General rule.** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

(b) Authority of a trial court or agency after appeal. After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

■ Appellant's supplementary motions were filed on May 17, 1984. The court's order granting summary judgment to appellee was entered November 1, 1984. Appellant noticed his appeal one week later. The court's orders denying the supplementary motions were entered November 28, 1984. We hold that the trial court's denial of the supplementary motions was proper. The trial court had jurisdiction to act on the motions inasmuch as it was clearing up matters ancillary to the appeal. Pa.R.A.P. 1701(a)(1).

On the merits of the supplementary motions, the Judge stated:

Dr. Rosenberg's allegations that it was error for the Court not to find the Hospital in contempt is meritless. The Hospital complied with each provision of this Court's order [by] supplying Dr. Rosenberg with a statement as to the reasons for denial of his application prior to the hearing, conducting the *de novo* review with Dr. Rosenberg and his counsel present, permitting Dr. Rosenberg

to present evidence in support of his appeal, permitting transcription of the hearing, and notifying Dr. Rosenberg of its decision within the prescribed time limit. In light of the Hospital's compliance with the earlier order, the Court's dismissal of plaintiff's Motion for Contempt and/or Supplemental Injunctive Relief was proper.

The summary judgment at appeal no. 3046 Philadelphia 1984 is affirmed. The orders at appeal no. 3322 Philadelphia 1984 denying appellant's Petition for Contempt and/or Injunctive Relief and denying appellant's Motion to Lift the Stay of Discovery are affirmed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

While I do not dissent from the analysis of the underlying issues set forth by my colleague, Judge Beck, I do dissent from that portion of the opinion which would have our Court assume jurisdiction over this matter.

In my view, 42 Pa.C.S.A. § 762, which vests exclusive jurisdiction in the Commonwealth Court of certain types of appeals, definitely encompasses actions involving nonprofit corporations when dealing with the affairs of the corporations, its members, employees, or others. While it is true that neither party has objected to the Superior Court's jurisdiction, it is my belief that in the areas reserved by the general assembly for Commonwealth Court determination, we would best serve the interest of justice by seeing to it that those issues in those areas are sent to the Commonwealth Court for disposition. We could thus prevent conflicting bodies of law developing in the intermediate appellate courts on similar issues.

For example, a panel of our Court recently filed an opinion which held that 42 Pa.C.S.A. § 8542 precluded municipal liability for injuries caused by the criminal acts of third persons on property under the municipality's ownership and control. *Casey v. Geiger, and the Borough of Camp Hill,* 346 Pa.Super. 279, 499 A.2d 606 (1985) (Hoff-

man, J. dissenting). One month earlier, the Commonwealth Court filed an opinion which seems to reach the opposite result. *Johnson v. SEPTA,* 91 Pa.Cmwlth. 587, 498 A.2d 22 (1985), (Craig, J. dissenting); (Barry, J. concurring). It is this sort of problem I would hope to avoid by transferring this case.

For these reasons, I dissent from that portion of the opinion of my colleagues that retains jurisdiction in the Superior Court.