668 A.2d 173

**Emir A. ZIKRIA, M.D., Appellant,**

v.

**WESTERN PENNSYLVANIA HOSPITAL,
a Non–Profit Corporation, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 23, 1995.

Filed Dec. 14, 1995.

Gary Kalmeyer, Pittsburgh, for appellant.

Ellen L. Surloff, Pittsburgh, for appellee.

Before McEWEN, JAMIESON, and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

In July of 1984, appellee Western Pennsylvania Hospital began to investigate a number of complaints lodged against appellant Emir A. Zikria, M.D. Appellant was an open-heart surgeon who possessed the privileges of admitting and treating patients at appellee Western Pennsylvania Hospital. After an investigation, a committee issued a report detailing several concerns regarding appellant's practice, and the case proceeded through appellee's dispute resolution process. Following a period of probation, appellee determined that the problems had not been remedied. Therefore, in 1987, appellant was informed that his staff privileges were not being renewed.

Pursuant to appellee's Medical Staff Bylaws (Bylaws), appellant requested a hearing to review the staffing decision. In 1988, a hearing panel issued a report supporting the original recommendation to deny appellant's privileges. Appellant appealed the panel's decision, again pursuant to the Bylaws. After review, the appellate panel voted unanimously to affirm the recommendation of the hearing panel. In accordance with both panels' recommendations, the board of directors voted to deny renewal. Appellant was notified of this decision in April of 1988.

On May 17, 1990, appellant filed a civil suit against appellee alleging, *inter alia,* breach of contract for appellee's failure to act in accordance with the Bylaws. Appellant sought monetary damages in excess of $20,000. Following a series of motions, all claims were dismissed except the breach of contract claim.

In May of 1995, appellee filed a motion for summary judgment on the breach of contract claim. This motion was

granted by the Honorable Bernard J. McGowan on June 29, 1995, and appellant subsequently filed the instant appeal.

██ Initially, we note that jurisdiction over this appeal properly lies with the Commonwealth Court because appellee is a non-profit corporation. *See* 42 Pa.C.S.A. § 762(a)(5); *Conference of A.U.F.C.M.P.C. v. Shell,* 426 Pa.Super. 374, 375–76, 627 A.2d 188, 189 (1993). Since neither party has objected to our jurisdiction, however, we will exercise our discretion to hear the merits of this appeal in the interests of judicial economy. *See, e.g., Fengfish v. Dallmyer,* 434 Pa.Super. 250, 253 n. 2, 642 A.2d 1117, 1119 n. 2 (1994).

Appellant asserts that the trial court erred in granting summary judgment in favor of appellee on the breach of contract claim. Summary judgment is properly granted if the interrogatories, affidavits, and depositions of record, viewed in the light most favorable to the non-moving party, "disclose that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Chrysler Credit Corp. v. Smith,* 434 Pa.Super. 429, 434, 643 A.2d 1098, 1100, *appeal denied,* 539 Pa. 664, 652 A.2d 834 (1994).

██ In this case, the trial court granted summary judgment on the basis of two appellate decisions: *Rosenberg v. Holy Redeemer Hospital,* 351 Pa.Super. 399, 506 A.2d 408, *appeal denied,* 514 Pa. 643, 523 A.2d 1132 (1986), and *Sandoval v. Maliver,* 145 Pa.Commw. 439, 603 A.2d 695, *appeal denied,* 532 Pa. 667, 616 A.2d 987 (1992). The trial court found that *Rosenberg* and *Sandoval,* which held that courts could not review the substance of hospital staffing decisions, precluded it from addressing appellant's breach of contract claim. After reviewing a recent Pennsylvania Supreme Court decision, we must disagree with the trial court's reliance on *Rosenberg* and *Sandoval.*

In *Cooper v. Delaware Valley Medical Center,* the Supreme Court held that courts do have the ability to "review suits based on legitimate contract and tort theories that arise out of the peer review process." 539 Pa. 620, 631, 654 A.2d 547, 552

(1995). As a result of this decision, *Rosenberg* and *Sandoval* were limited in that courts were only precluded from reviewing the substance of staffing decisions in cases where a plaintiff was seeking injunctive relief. *Id.* If a plaintiff was seeking monetary damages under contract and tort theories, a court had the ability to substantively review the asserted claims. *Id.*

In the instant case, appellant filed suit seeking monetary damages for an alleged breach of contract. Under the law set forth in *Cooper*, such a claim was not barred by *Rosenberg* and *Sandoval.* Therefore, the trial court erred in holding that it did not have the ability to review the substance of this staffing decision, and in granting summary judgment in favor of appellee.

Recognizing the trial court's erroneous reliance on *Rosenberg* and *Sandoval,* appellee offers additional arguments to support the grant of summary judgment. Specifically, appellee asserts that the Bylaws do not provide a basis for a valid breach of contract action, and that such an action could not succeed in any case because appellant failed to establish bad faith. We will not address the merits of these arguments, however, because we are unwilling to rule summarily against appellant without allowing the parties to brief and argue these issues, before the trial court, now that it is clear that *Rosenberg* and *Sandoval* do not preclude all judicial review.

Reversed and remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.