J-A19026-18
J-A19027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BLUE RIBBON PACKAGING CORP D/B/A WEST READING STRAPPING, KEVIN LENEGHAN, STEPHEN LENEGHAN AND DAVID LENEGHAN | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : : | |
| v. | : : : | No. 1550 MDA 2017 |
| KEVIN HUGHES, NARROW HOLDINGS, LLC, LONGVIEW CONSTRUCTION, LLC, GEORGEADIS SETLEY RAUCH AND PLANK AND NICOLE PLANK | : : : : : | |

Appeal from the Order Entered September 6, 2017
In the Court of Common Pleas of Berks County Civil Division at No(s):
17-16460

| | | |
|---|---|---|
| BLUE RIBBON PACKAGING CORP D/B/A WEST READING STRAPPING, KEVIN LENEGHAN, STEPHEN LENEGHAN AND DAVID LENEGHAN | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : : | |
| v. | : : : | No. 1581 MDA 2017 |
| KEVIN HUGHES, NARROW HOLDINGS, LLC, LONGVIEW CONSTRUCTION, LLC, GEORGEADIS SETLEY RAUCH & PLANK, LLC, AND NICOLE PLANK | : : : : : | |

Appeal from the Order Entered October 6, 2017
In the Court of Common Pleas of Berks County Civil Division at No(s):
17-16460

J-A19026-18
J-A19027-18

BEFORE: GANTMAN, P.J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED JANUARY 16, 2019**

Appellants Kevin Leneghan, Stephen Leneghan, and David Leneghan, Esq. (collectively, Leneghans), and Blue Ribbon Packaging Corp., doing business as West Reading Strapping (Blue Ribbon) (collectively, Appellants), appeal from the September 6, 2017 order granting intervenor status to Charles Miller (Miller), and the October 6, 2017 order holding Blue Ribbon in contempt. Also involved in this appeal are Appellees Kevin Hughes, Narrow Holdings, LLC, Longview Construction, LLC, Georgeadis Setley Rauch & Plank, LLC, and Nicole Plank, Esq. (collectively, Appellees).[1] We quash in part and affirm in part.

Because we write for the parties, who are familiar with the record, we need not provide a detailed recitation of the underlying dispute giving rise to this appeal.[2] Of relevance to this appeal, the Leneghans are shareholders, officers, and directors of Blue Ribbon. Blue Ribbon filed a motion for injunctive relief, which the court conducted hearings for on August 29 and 30, 2017.[3]

_____

[1] Attorney Plank represents Appellees.

[2] We note, however, the trial court erred to the extent it appears to have concluded that Miller moved for preliminary injunctive relief. As we discuss below, the record does not support that conclusion.

[3] The court initially granted relief to Blue Ribbon on August 29th, and then amended the order on August 31st, as discussed below. No party has

- 2 -

At the August 30th hearing, the parties discussed the proposed language

of the August 31st order as follows:

> [Appellees' counsel]: Your Honor, we would ask that paragraph 3
> [of the August 29, 2017 order] be revised to state plaintiffs are
> hereby enjoined from removing any and all fixtures, equipment,
> tools and any other assets held at the premises, except for
> inventory shipped to customers in the ordinary course.
>
> The court: Mr. Leneghan.[4]
>
> [Appellants' counsel]: I think the [c]ourt is well aware of any issue
> on that, Your Honor. They turned this into a minority shareholder
> distress case and trying to lock us into staying there and can't
> remove the assets. We just want to be able to do everything that
> we did before.
>
> The court: I don't know about them. But this [c]ourt is not going
> to get into doing more than simply having you reinstated. And
> then if your intent is to remove everything, I think that we ought
> to have a period of time when somebody could have filed, if it's
> going to be filed, to extend the stay. I think there should be a
> stay of some period of time - - -
>
> [Appellants' counsel]: **We won't object to that, Judge**. It would
> be fine if, if Charlie [Miller,[5]] wants 72 hours or some period of
> time to file something so he can abate that and make a
> determination that this is a dispute over the ownership of the
> assets or something, that's fine. We literally said that yesterday.
> That's fine. But I think it should be a short period of time. We
> should get back to the doing the business at hand.

---

addressed whether the August 29th order was supplanted by the August 31st
order. In any event, as discussed below, Appellants appealed neither order.

[4] David Leneghan, Esq., was counsel for Appellants and was initially granted
*pro hac vice* status by the trial court. Attorney Leneghan is *pro se* on appeal
and Blue Ribbon is represented by counsel.

[5] Miller later filed a petition to intervene, which we discuss below.

The court: You can get back to the doing the business at hand yesterday.

\* \* \*

The court: I'm going to put it back to status quo. **And I'm going to stay.** And that's what I asked you guys to do.

R.R. at 406a-08a (emphases added and all-capitalization omitted).

The trial court ultimately issued the following order on August 31, 2017:

1. Defendants Kevin Hughes and Narrow Holdings LLC (hereinafter, "Defendants"), are hereby enjoined from interfering with Plaintiff's, Blue Ribbon Packaging Corp., doing business as West Reading Strapping (hereinafter "Plaintiff") possession of the premises: Basement level of [the property in question], along with the <u>right to use</u> common area and loading docks, as well as parking and truck traffic on the driveway and parking lot attendant thereto (collectively, the "Premises"). Except that Defendants shall be permitted to enforce all lawful eviction and/or ejectment actions for the Premises through a court of law.

2. Defendants are enjoined from interfering with Plaintiff's employees, owners, representatives, customers, vendors, invitees and guests, each or all brought to the Premises by the Plaintiff.

3. Defendants are hereby enjoined from interfering with each and every truck and trailer brought to or at the Leased Premises by or at the invitation of Plaintiff.

4. Defendants are hereby enjoined from interfering with Plaintiff's possession and use of the Leased Premises pending further Order of Court.

5. Plaintiff's [sic] are hereby enjoined from removing any and all fixtures, equipment, tools and all other assets held at the Premises except for inventory shipped to customers of Plaintiff in the ordinary course, until noon on September 5, 2017, at which time this paragraph 5 will be of no further force and effect, unless further order of Court in Berks County[,] Pennsylvania preventing such removal.

6. Bond is set at $1,000.00 which has been deposited with the Berks County Prothonotary and shall remain so until further Order of Court.

Order, 8/31/17, at 1-2 (underlining in original).  Paragraph five of the order enjoined Blue Ribbon from removing any assets—a condition that Attorney Leneghan agreed to the previous day.[6]  ***See*** R.R. at 406a-08a.

On September 1, 2017, Miller filed a petition to intervene.  In pertinent part, Miller set forth reasons why the court should grant him the right to intervene.  *Id.* at 73a.  Miller did **not** move for injunctive relief or otherwise present grounds for injunctive relief, but did request the following:

A. An Order allowing petitioner to intervene in the limited Preliminary, Temporary and Permanent Injunction as a party pursuant to Pa.R.C.P. 2327(3) and 2329, and that this Court stay all proceedings pending entry of this Order;

B. An Order extending the Order dated 8/3[1]/17, specifically paragraph 5,[7] until a hearing on the merits of this Petition may be heard by [the trial court]; and

C.  In the alternative, Order paragraph 5 be stricken of the 8/3[1]/17 Order and Plaintiffs provide a Bond or payment in the amount of $72,162.16 USD to be held by the Berks County Prothonotary's Office, Miller and Althouse being the beneficiaries thereof.

*Id.* at 74a.

---

[6] Regardless, even if Attorney Leneghan did not agree to that condition, the order explicitly provided that Appellants could not remove anything from the property until after noon on September 5, 2017.  Order, 8/31/17.

[7] We quoted paragraph 5, *supra*.

On September 5, 2017, Appellants filed a response to Miller's petition to intervene, the trial court held a limited hearing, and the court entered the following order, which was served the next day:

> AND NOW, this 5th day of September, 2017, based on the intervention petition of Charles Miller filed by Zachary A. Morey, Esquire, his counsel of Hoffert & Klonis, P.C., it is hereby ordered that this Court's injunction dated August 30th, 2017,[8] shall remain in full force and effect until further order of this court.
>
> It is further ordered, based on the response filed by Blue Ribbon Packaging Corporation, doing business as West Reading strapping, and others, that Miller shall comply with the objections raised in Paragraph 1, 2, 3, and 4[9] at the end of the said objections after Paragraphs 1 through 6; that is, that Miller shall comply fully and completely with the Rules of Civil Procedure, specifically 2328. Said compliance shall be done by M. Miller by the close of court on Friday, September 8th, 2017.
>
> A bond for Charles W. Miller, the averred shareholder who is asking for intervention as filed by his limited petition to intervene this date, is set at $1,000.[10]

_____

[8] The order was docketed on August 31, 2017.

[9] Blue Ribbon had listed four objections to the manner in which Miller filed his petition to intervene, including a purported failure to comply with Pa.R.C.P. 2328, which requires, among other items, that the petitioner attach "a copy of any pleading which the petitioner will file in the action if permitted to intervene." Pa.R.C.P. 2328. The court's order was intended to compel Miller to correct the alleged deficiencies raised in Blue Ribbon's objections.

[10] Presumably, this was some form of a counterbond, given the allegations that Miller had an interest in the subject property and Blue Ribbon improperly removed items from the property. *See generally* Pa.R.C.P. 1076(a) (addressing counterbonds filed by an intervenor).

It is further ordered that at this time, until further order of this court, the said petitioner, Charles W. Miller, shall be granted the approval to intervene, in this case.

Order, 9/6/17, at 2-3.[11]  Thus, the order permitted Miller to file an amended petition to intervene and reiterated that the injunction previously granted on August 31, 2017 in Blue Ribbon's favor was still in effect.  The order did not grant, deny, modify, continue, or dissolve any injunction.  *Id.* (ordering that the trial court's injunction "shall remain in full force and effect until further order of this court").

On October 3, 2017, Appellees filed an emergency petition for contempt of court and to revoke Attorney Leneghan's *pro hac vice* status.  Appellees alleged that Appellants, in violation of the September 6, 2017 order, had "removed all fixtures, equipment, tools and all other assets" from the property in question, which also caused damage to the property and to Appellees.  R.R. at 123a-24a.  The trial court, after holding a hearing, granted Appellees' petition and ordered as follows:

A. Plaintiffs [*i.e.*, Appellants] are sanctioned in the amount of One Thousand Dollars ($1,000.00) for their willful violation of the Orders, and shall pay the same to the Defendant, [*i.e.*, one of the Appellees,] Narrow Holdings, LLC, within thirty (30) days from the date of this Order, and must post a bond with the Berks County Prothonotary in the amount of Forty Thousand ($40,000.00) Dollars, within seven (7) days from the date of this Order, for protection of the Defendants; and

_____

[11] Notice of the order was sent on September 6, 2017.

B. Plaintiffs shall post an additional bond with the Berks County Prothonotary in the amount of Seventy-Two Thousand One Hundred Sixty-Two and 16/100 ($72,162.16) Dollars, within seven (7) days from the date of this Order, for the protection of the Intervenors; and

C. Further, David Leneghan's *pro hac vice* admission is hereby immediately REVOKED, as he willfully violated this Court's Orders and has not complied with Pennsylvania Rules of Civil Procedure, Pennsylvania law or the Pennsylvania Rules of Professional Conduct, in order to maintain his *pro hac vice* admission.

Order, 10/6/17, at 1.

Appellants filed a notice of appeal from the September 6th order and a timely notice of appeal from the October 6th order, and they filed timely court-ordered Pa.R.A.P. 1925(b) statements. We note that Appellants alleged in their Rule 1925(b) statements that the court erred by granting Miller's petition for a preliminary injunction.

Appellants raise the following questions:

1. Did the [trial c]ourt commit an abuse of discretion or error of law granting a preliminary injunction to Intervenor without a hearing when Intervenor stated it had an adequate monetary remedy at law in the amount of $72,162.16 and Intervenor lacked standing and did not comply with mandatory Civil Rules?

2. Did the [trial c]ourt lack jurisdiction and commit an abuse of discretion or error of law when it enforced a preliminary injunction and issued a $1,000 sanction when the party did not post his bond for the injunction to become an enforceable order of the [c]ourt?

3. Did the [trial c]ourt lack jurisdiction commit an abuse of discretion and error of law when it modified an injunction after it was appealed and more than 30 days had passed, (or issued a sanction), requiring a party previously required to post a $1,000 to post two additional bonds in the amounts of $40,000.00 and $72,162.16?

4. Did the [trial c]ourt commit an abuse of discretion or error of law when it revoked a *pro hac vice* admission without the [c]ourt sending notice of the hearing and for a misapplication of law that an unenforceable order was violated and where there was no willful violation and no other Code or Rule violation?

Appellants' Brief at 8.[12]

In support of their first issue, Appellants begin with the premise that the trial court's September 6, 2017 order formally granted injunctive relief in favor of Miller. *Id.* at 39. Appellants argue that because Miller failed to timely post an injunction bond, the September 6, 2017 order was a nullity. *Id.* at 41. Even if the order was not a nullity, Appellants assert that because **Miller** did not fulfill the requirements for a preliminary injunction, the court erred by issuing the injunction.[13] *Id.* at 42. Appellants identify what they perceive to be numerous deficiencies with **Miller's** "petition for injunctive relief," such that the court erred by granting the petition. *Id.* at 42-49.

Appellants also contend that the court erred by granting Miller's petition to intervene despite his alleged non-compliance with Pa.R.C.P. 23**3**8.[14] *Id.* at

---

[12] Appellants filed identical briefs for these consolidated appeals. We note that Appellants' briefs do not comply with Pa.R.A.P. 2119(a), which requires that the argument section of the brief "be divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Although Appellants raised four questions, the argument section of their brief contains just three parts. *See id.*

[13] As noted above, Blue Ribbon, **not** Miller, filed a motion for a preliminary injunction. Miller had filed a petition to intervene.

[14] Appellants apparently meant to reference Pa.R.C.P. 23**2**8, which addresses intervention petitions.

49-50. Appellants argue that Miller's purported non-compliance meant that the court should not have issued an order for injunctive relief. *Id.* at 50.

Initially, we must address whether this Court can exercise appellate jurisdiction on our own accord. *Knopick v. Boyle*, 189 A.3d 432, 436 (Pa. Super. 2018). An order granting intervention in an ongoing dispute is an interlocutory order and cannot be immediately appealed without permission. *See Step Plan Servs., Inc. v. Koresko*, 12 A.3d 401, 417 n.4 (Pa. Super. 2010) (citations omitted); 20 West's Pa. Practice, Appellate Practice § 312:30 (2017); *see also Beltan v. Piersody*, 748 A.2d 715, 718-19 (Pa. Super. 2000) (holding that an order granting intervenor status in an ongoing child custody case was interlocutory and unappealable); *In re Manley*, 451 A.2d 557, 559 (Pa. Super. 1982) (concluding that an order granting intervention in an ongoing dispute was not a final appealable order).

Here, we ascertain whether we can exercise appellate jurisdiction. *See Knopick*, 189 A.3d at 436. Appellants appealed from the September 6, 2017 order, which we quoted in its entirety above, granting Miller's petition to intervene. *See* Order, 9/6/17, at 2-3. Contrary to Appellants' argument, the record does not establish that Miller moved for a preliminary injunction or that the trial court granted any such request by Miller.[15] *See id.* Miller's own

_____

[15] Blue Ribbon's characterization of Miller's petition as a request for injunctive relief strains credulity.

- 10 -

petition to intervene, as reproduced above, merely requested permission to intervene. R.R. at 74a. Because the September 6, 2017 order granted intervenor status to Miller, such an order, in this ongoing matter, is interlocutory in nature and the record does not establish Blue Ribbon requested permission to appeal. *See, e.g.*, *Koresko*, 12 A.3d at 417 n.4.

Moreover, the unambiguous language of the trial court's September 6, 2017 order did not **grant** an injunction. It simply reiterated the trial court's previously issued August 31, 2017 order granting injunctive relief in favor of Blue Ribbon based on Blue Ribbon's **own** motion for a preliminary injunction. Order, 8/31/17, at 1. Appellants cannot credibly allege that they are somehow aggrieved by an order that simply incorporated a prior trial court order.[16] **See generally** Pa.R.A.P. 501. The order appealed from did not—and could not, given it granted Miller's petition to intervene—grant, modify, continue, or dissolve injunctive relief. **See** Pa.R.A.P. 311(a)(4); **see also** Appellant's Brief at 8 (stating that the issue before this Court was whether trial court erred by "granting a preliminary injunction" based on Miller's petition to intervene). Because Appellants are appealing an interlocutory order not as of right and

---

[16] As Appellees point out, Appellants' strained interpretation of the record was because it wanted to "bootstrap an appeal of the paragraphs that they disliked about the August 3[1] order into the instant appeal of the September [6], 2017 Order . . . ." Appellees' Brief at 11. Appellees accurately note Appellants should have either timely appealed from the August 31, 2017 order or moved to dissolve the injunction under Pa.R.C.P. 1531(c).

failed to request permission to appeal, we quash the appeal from the trial court's September 6, 2017 order, at docket 1550 MDA 2017. Appellants' second issue similarly assumes that the September 6, 2017 order granted Miller's request for injunctive relief and therefore we need not address their arguments. Appellants' Brief at 8 (claiming that the trial court erred "when it enforced a preliminary injunction" when Miller "did not post his bond for the injunction").

In support of their third issue, Appellants argue that the trial court erred by sanctioning them $1,000 for contempt. *Id.* at 57. They reason that because Miller did not post a $1,000 injunction bond, as required by the trial court's September 6, 2017 order, that order was a legal nullity. *Id.* Similarly, Appellants argue that the trial court erred by requiring them to post additional bonds totaling $112,172.16 to protect Appellees in its October 6, 2017 order. *Id.* Appellants reason that because (1) they had filed an appeal and (2) more than thirty days had lapsed after the injunction was issued, the trial court lacked jurisdiction to modify the injunctions by imposing additional bonds on Hughes and Miller. *Id.* at 58.

Initially, Appellants have misperceived the September 6, 2017 order, which, as we quoted above, granted Miller's petition to intervene and set a counterbond for $1,000. Miller never moved for an injunction and his petition to intervene did not request injunctive relief, let alone raise grounds for injunctive relief. Because the trial court's September 6, 2017 order was never

- 12 -

an order that granted any form of injunctive relief, Appellants' argument that the order was a legal nullity absent timely posting of an injunction bond lacks merit.[17]

With respect to Appellants' argument regarding the additional bonds, we set forth the applicable law. Pennsylvania Rule of Appellate Procedure 1701 provides as follows, in pertinent part:

(a) General rule. Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

(b) Authority of a trial court or agency after appeal. After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1) **Take such action as may be necessary to preserve the status quo**, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) **Enforce any order entered in the matter**, unless the effect of the order has been superseded as prescribed in this chapter.

Pa.R.A.P. 1701 (emphases added).

For example, in ***Rosenberg v. Holy Redeemer Hosp.***, 506 A.2d 408 (Pa. Super. 1986), the appellant filed a timely notice of appeal from an order

---

[17] Miller was not required to post any injunction bond, since he never filed any motion for injunctive relief.

granting summary judgment. *Id.* at 410. Over three weeks later, the trial court granted the appellant's petition to hold the appellee in contempt or for supplemental injunctive relief. *Id.* On appeal, the **Rosenberg** Court addressed, among other issues, whether the trial court had jurisdiction to rule on appellant's petition given the outstanding notice of appeal. *Id.* at 413-14. Citing Rule 1701, the **Rosenberg** Court held the trial court properly could rule on the appellant's petition to hold appellee in contempt because the court was "clearing up matters ancillary to the appeal." *Id.* at 414.

Instantly, a similar situation exists: Appellants appealed from the trial court's September 6, 2017 order granting Miller's petition to intervene before the trial court resolved Appellees' emergency petition for contempt of court and petition for revocation of Attorney Leneghan's *pro hac vice* admission. Similar to the posture in **Rosenberg**, the trial court was not divested of any jurisdiction in resolving Appellees' contempt petition because it was in the nature of taking such action as necessary to enforce the previously entered August 31, 2017 injunction order. *See* Pa.R.A.P. 1701; **Rosenberg**, 506 A.2d at 414. Specifically, because Blue Ribbon violated the injunction—by removing fixtures and other assets in violation of paragraph five of the August 31, 2017 order—the court ordered Appellants to post bonds to protect Appellees' interests. *See* Order, 10/6/17 (granting Appellees' petition for contempt). Blue Ribbon's egregious violations thus compelled the trial court to take such action to maintain the status quo and enforce the injunction. *See*

Pa.R.A.P. 1701; **Rosenberg**, 506 A.2d at 414. Further, under Rule 1701, a petition to revoke *pro hac vice* admission in a civil case is ancillary to the merits of the parties' claims. **Cf. Miller Elec. Co. v. DeWeese**, 907 A.2d 1051, 1057 (Pa. 2006) (holding that a motion for counsel fees was ancillary to the underlying lawsuit).

Lastly, Appellants argue that the court erred in revoking Attorney Leneghan's *pro hac vice* status. Appellants' Brief at 59. Appellants contend that because the trial court erred in concluding they violated the court's September 6, 2017 order, the court had no basis to revoke Attorney Leneghan's *pro hac vice* admission. **Id.** at 60. Specifically, Appellants assert that the September 6th order was a legal nullity because intervenor's counsel never posted an injunction bond. **Id.**

The standard of review for an order revoking *pro hac vice* admission is an abuse of discretion. **ACE Am. Ins. Co. v. Underwriters at Lloyds & Cos.**, 939 A.2d 935, 948 (Pa. Super. 2007). As discussed above, because the underlying premise of Appellants' argument—the trial court's September 6, 2017 order was a legal nullity due to the alleged failure of Miller, the intervenor, to post a bond—is flawed, Appellants' argument fails. As resolved above, the September 6, 2017 order did not grant any petition for injunctive relief, which would have required a bond. Order, 9/6/17. Miller simply never filed a motion for injunctive relief. The only motion before the trial court was Miller's petition to intervene. Thus, Appellants have not established an abuse

of discretion. ***See ACE Am. Ins.***, 939 A.2d at 948. For these reasons, we quash the appeal docketed at 1550 MDA 2017 as interlocutory, and affirm the trial court's October 6, 2017 order, which was the subject of the appeal docketed at 1581 MDA 2017.

Appeal at 1550 MDA 2017 quashed. Appeal at 1581 MDA 2017 affirmed. Appellants' Motion for Order Releasing Supersedeas Bond denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/16/2019</u>