IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Friends of Marconi Plaza,       :
Rich Cedrone and Joseph Q. Mirarchi  :
                                 : No.  1104 C.D. 2021
                                 : Argued:  June 23, 2022
From a decision of:                :
The City of Philadelphia Board     :
of License and Inspection Review  :
                                 :
Appeal of: City of Philadelphia    :

# **O R D E R**

AND NOW, this 11th day of July, 2023, the Court's Memorandum Opinion in the above matter, filed December 9, 2022, is amended to reflect the following corrections:

> **Page 3, fifth sentence, should read as follows:** *See In re: Friends of Marconi Plaza,* **287 A.3d 965 (Pa. Cmwlth. 2022**).
>
> **Page 3, first paragraph, first sentence, should read as follows:** While the City's appeal was pending with this Court, Objectors filed the instant Motion to Remove, asserting that the plywood box around the **Columbus** statue constituted an "alteration" that had not been approved in accordance with the applicable provisions in

the City's Home Rule Charter[1] and The Philadelphia Code[2].

**Page 3, footnote one, third sentence, should read as follows:** Additionally, Section 4-606(1)(e) provides**:** "The Art Commission shall . . . a]pprove the…alteration of any existing work of art in the possession of the City[.]"

**Page 3, footnote two, first sentence, should read as follows:** Section 14-1005(1) of The Philadelphia Code provides**:** "Unless a building permit is first obtained from the [the L&I Board], no person shall alter or demolish a historic . . . object . . . ."

**Page 4, first paragraph, first sentence, should read as follows:** On October 8, 2021, the trial court granted the Motion to Remove and directed the City to "remove [the] plywood structure covering the **Christopher Columbus Statue** in Marconi Plaza forthwith."

**Page 4, first paragraph, second sentence, should read as follows:** Further, the trial court authorized Objectors to "erect a clear structure encompassing the **Statue** for protective purposes."

**Page 4, third paragraph, first sentence, should read as follows:** In its Pennsylvania Rule of Appellate Procedure 1925(a) Opinion, the trial court stated that it had jurisdiction to enter its October 8, 2021, unboxing order under PA. R.A.P. 1701(b) and (c), which authorizes the

---

[1] The City adopted its home rule charter on April 17, 1951, and it went into effect on January 7, 1952. *City of Philadelphia v. Schweiker*, 858 A.2d 75, 81 n.9 (Pa. 2004). Section 8-207(1) of the City's Home Rule Charter provides: "No work of art shall be . . . altered in any way without approval first obtained from the Art Commission." PHILADELPHIA HOME RULE CHARTER, §8-207(1). Additionally, Section 4-606(1)(e) provides: "The Art Commission shall . . . [a]pprove the . . . alteration of any existing work of art in the possession of the City[.]" PHILADELPHIA HOME RULE CHARTER, §4-606(1)(e).

[2] Section 14-1005(1) of The Philadelphia Code provides: "Unless a building permit is first obtained from [the L&I Board], no person shall alter or demolish a historic . . . object . . . ." PHILADELPHIA CODE §14-1005(1).

trial court to maintain the *status quo* and **to** resolve ancillary or collateral issues while an appeal is pending.

**Page 4, third paragraph, second sentence, should read as follows:** The trial court explained that "prior to this initial legal dispute the **Statue** sat peaceably, undisturbed, unhidden and exposed to public view within the confines of Marconi Plaza" since 1976, when the statue was moved there from Fairmount Park.

**Page 4, third paragraph, third sentence, should read as follows:** "[T]he last actual, peaceable and lawful, non-contested status" of the **Columbus** statue was its placement in Marconi Plaza unhidden by any plywood structure.

**Page 5, second paragraph, third sentence, should read as follows:** Specifically, Objectors argued that the trial court's August 17, 2021, order "vitiated" the decision of the City's Historical Commission or **Art** Commission, "leaving [the City] with no existing legal basis for the plywood structure."

**Page 8, first full sentence, should read as follows:** The trial court's unboxing order was not a housekeeping matter but rather "generated an entirely new issue in [the] case, to detriment of the City's substantive property and First Amendment rights**.**

**Page 8, first full paragraph, third sentence, should read as follows:** Examples of auxiliary actions include **petitions for** counsel fees**,** contempt and to lift a stay **on** discovery. *Samuel-Basset v. Kia Motors America, Inc.,* 34 A.3d 1, 49 (Pa. 2011) (petition for attorneys' fees ancillary to the appeal from the judgment on the merits); *Rosenberg v. Holy Redeemer Hospital*, 506 A.2d 408, 413-14 (Pa. Super. 1986) **(trial court had jurisdiction to act on motions for contempt and to lift stay on discovery after appeal filed).**

**Page 9, first full paragraph, third sentence, should read as follows:** On June 18, 2020, the parties entered into a Stipulation allowing the City to "reasonably protect the **statue** pending a decision by the Art Commission."

3

**Page 10, first full paragraph, first sentence, should read as follows:** In sum, the trial court's order returned the **Columbus** statue to the condition in which it **has** existed since 1876 in Fairmount Park and since 1976 in Marconi Plaza.

**Page 11, first paragraph, third sentence, should read as follows:** Before a building permit can be issued, the building **permit** application must be forwarded to the Historical Commission for its review.

**Page 11, first paragraph, fourth sentence, should read as follows:** The City's governing legislation, however, does not address **the** unboxing **of historic objects**, only their alteration and removal.

**Page 12, third paragraph, second sentence, should read as follows:** There was no obligation to raise the boxing **of the Columbus statue** in the underlying proceeding.

**Page 12, fourth paragraph, first sentence, should read as follows:** We conclude that the trial court's order to unbox the **Columbus** statue was not barred by the Local Agency Law.

**Page 12, fifth paragraph, second sentence, should read as follows:** The City contends that Objectors cannot show a legal right to compel the City to uncover its own property, and, further, the plywood box does not alter the **Columbus** statue as the term is defined in The Philadelphia Code because it merely shields the statue from view.

**Page 13, second paragraph, third sentence, should read as follows:** The City is bound by **the mandates of** its **own** ordinance, charter and Directive 67.

**Page 14, second sentence, should read as follows:** The statue's iconography commemorates Columbus's sailing achievement with an anchor, a globe on which **one** hand rests, and a chart in the other hand.

**Page 14, third sentence, should read as follows:** The **inscription on the statue's** pedestal commemorates the

4

country's centennial and the Italian-American community in the City.

**Page 14, fourth sentence, should read as follows:** To the extent the City considers the "message" incomplete, it can **affix its own plaque to the site, inscribed with the message the City wishes to convey.**

**Page 15, first sentence, should read as follows:** This Court has now addressed the merits of the City's underlying appeal in *In Re: Friends of Marconi Plaza*, **287 A.3d 978-81,** and affirmed the trial court's order prohibiting removal of the Columbus statue from Marconi Plaza.

**Page 15, second sentence, should read as follows:** In so holding, we stated that the City failed to allow the requisite time period for public input required by Directive 67. *Id.* **at 981.**

**Page 15, first full paragraph, second sentence, should read as follows:** The trial court's order is affirmed to the extent it orders the removal of the plywood box surrounding the **Columbus** statue, but its order is reversed to the extent it authorizes Objectors to construct a plexiglass box around the statue.

In all other respects, the opinion and order shall remain in effect.

It is ORDERED that the above-captioned opinion filed on December 9, 2022, shall be designated OPINION rather than MEMORANDUM OPINION, and it shall be reported.

_____
MARY HANNAH LEAVITT, President Judge Emerita